UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES E. SMITH, | ) | 1:07-cv-00734-OWW-SMS |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| v. | ) | DENY PLAINTIFF'S REQUEST FOR |
| | ) | PERMISSION TO FILE AN APPEAL |
| MICHAEL J. ASTRUE, | ) | (Doc. 10) |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff filed a civil action against the Commissioner of Social Security, which was later dismissed by the Court on August 1, 2007, because Plaintiff's motion to proceed in forma pauperis had been denied, and Plaintiff failed to pay the filing fee. Judgment was entered by the Clerk on August 1, 2007, and was served on Plaintiff on that date.

Pending before the Court is Plaintiff's request for permission to appeal pursuant to Fed. Rules of App. Proc. 3, 4, and 5.

No grounds are stated for the motion; no statement of facts is set forth.

/////

1

1    I. <u>Extension of Time to File Notice of Appeal</u>

2    Plaintiff's action was a civil proceeding.

3    Title 28 U.S.C. § 2107(a) provides that except as provided in that section, no appeal shall bring any judgment, order, or decree in an action of a civil nature before a court of appeals for review unless a notice of appeal is filed within thirty days after entry of such judgment, order, or decree. However, in civil cases in which the United States is a party, a notice of appeal must be filed within sixty days after the entry of judgment. 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B).

The district court may, upon motion filed no later than thirty days after the expiration of the time otherwise set for bringing an appeal, extend the time for appeal upon a showing of excusable neglect or good cause. 28 U.S.C. § 2107. Further, Fed. R. Civ. P. 4(a)(5) provides:

> (A) The district court may extend the time to file a notice of appeal if
>     (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>     (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
>     . . .
> (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or ten days after the date when the order granting the motion is entered, whichever is later.

Here, the Court's docket reflects that a separate judgment was entered on August 1, 2007. Plaintiff filed his motion on March 7, 2008, more than thirty days after the time for appeal prescribed by Rule 4(a). Thus, the motion was not timely filed under Rule 4(a)(5)(A)(I). It is established that the thirty-day time period is jurisdictional and cannot be extended. <u>Vahan v.</u>

2

1 Shalala, 30 F.3d 102, 103 (9th Cir. 1994).

2 Further, Plaintiff has not shown excusable neglect or good
3 cause. Accordingly, Plaintiff is not entitled to an extension
4 under Rule 4(a)(5)(A)(ii).

5 Finally, Fed. R. App. Proc. 4(a)(5)(B) provides that if a
6 motion to extend time is filed after the expiration of the
7 prescribed time, notice must be given to the other parties in
8 accordance with the rules. Plaintiff's proof of service filed
9 with the motion reflects that Plaintiff served the motion on the
10 Court, but there is no demonstration of giving notice to the
11 other parties. Thus, the notice of Plaintiff's motion was
12 defective.

13 II. <u>Reopening Time to File an Appeal</u>

14 Upon a motion filed within the earlier of 180 days after
15 entry of the judgment or order, or within seven days after
16 receipt of notice of entry of judgment, a district court may
17 reopen the time for filing a notice of appeal for fourteen days
18 if the district court finds that 1) a party entitled to notice of
19 the entry of a judgment or order did not receive such notice from
20 the clerk or any party within twenty-one days of its entry, and
21 2) no party would be prejudiced. 28 U.S.C. § 2107(c); Fed. R.
22 App. Proc. 4(a)(6).

23 Here, even if it were assumed that Plaintiff did not receive
24 notice of entry of the judgment, more than 180 days have passed
25 since the entry of the judgment or order; thus, the motion was
26 untimely. The time periods set forth in Fed. R. App. Proc.
27 4(a)(6) are jurisdictional, and the Court has no authority to
28 consider the extension motion if it was filed more than 180 days

after the entry of judgment. <u>Vahan v. Shalala</u>, 30 F.3d 102, 103 (9th Cir. 1994).

Further, Plaintiff has made no showing of any lack of receipt of notice of entry of the judgment or of prejudice. Thus, Plaintiff has not met his burden. <u>Nunley v. City of Los Angeles</u>, 52 F.3d 792, 795-96 (9th Cir. 1995).

III. <u>Fed. Rule App. Proc. 5</u>

Plaintiff cites to Rule 5 as a basis for his motion. However, it does not appear that any interlocutory order is in question, or that Plaintiff has requested or received certification from this Court; rather, Plaintiff has requested permission from this Court to appeal from the one final judgment rendered in his case. Fed. R. App. Proc. 5 concerns relief from the appellate court. Thus, Plaintiff does not appear to have any grounds to proceed pursuant to Fed. R. App. Proc. 5.

IV. <u>Recommendation</u>

Accordingly, it IS RECOMMENDED that Plaintiff's motion or request for permission to appeal and/or for an extension of time to appeal BE DENIED.

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served

4

and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 20, 2008**                    /s/ Sandra M. Snyder
                                   UNITED STATES MAGISTRATE JUDGE